## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DARREN HERRERA and PAULA GARCIA,

      Plaintiffs,

v.                                                                                        No. 1:20-cv-00538-KWR-SCY

CITY OF ESPANOLA, a Municipality,
JANE ROES 1-3 and JOHN DOES 1-2,
in their Individual Capacities,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant City of Espanola's Motion to Dismiss Plaintiffs' claims, filed July 30, 2020 (**Doc. 9**).  Having reviewed the parties' pleadings and the applicable law, the Court finds the Motion is well-taken and, therefore is **GRANTED.**

## BACKGROUND

Plaintiffs filed their Complaint on June 4, 2020, alleging claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act ("NMTCA").  Plaintiffs allege that, from approximately 2015 to December 2016, they rented a trailer in Espanola from the family of a Charlotte Miera ("Miera"), deceased. **Doc. 1, ¶ 12.** The Complaint provides that during this rental period the water and sewer billing account remained in the deceased's name, and that Plaintiffs would forward the bill and payment to the landlord, who was in turn supposed to remit payment to the Defendant. ***Id.*** Plaintiffs allege that, without their knowledge, the landlord did not in fact submit payment to Defendant, resulting in Defendant disconnecting water service at the property around December 1, 2016, purportedly without notice that Plaintiffs or the landlord were entitled to a hearing. ***Id.***

Plaintiffs aver that during December 2016 they decided to purchase the trailer they had been renting on the property and that, to resolve the ongoing issue of the disconnected water and unpaid bill, they went to City Hall to transfer the water account to their name. ***Id.*, ¶ 13.** Around December 22, 2016, Plaintiffs submitted the appropriate application materials and eventually successfully transferred the water service account to their name. ***Id.*, ¶ 13-14.** The Complaint alleges that, at the time, Defendant's records reflect an unpaid balance of $1,760 on the Miera account. ***Id.*, ¶ 15.**

On February 13, 2017, Plaintiffs "discovered" that their water service had been turned off, allegedly without notice and without a delinquent payment. ***Id.*, ¶ 16.** On the same day, Plaintiff Herrera went to City Hall to investigate why the service had been disconnected and was informed by as yet unidentified employees of Defendant[1] that access to municipal services was terminated on the basis of the unpaid account balance of $1,760. ***Id.*, ¶ 17.** Plaintiffs claim that they sought to explain, to no avail, that the overdue balance belonged to the deceased, prior owner of the property. ***Id.*** The Complaint alleges that "Plaintiffs provided actual notice of their claim on or about March 1, 2017 when Plaintiff Herrera informed Defendant's officials in the Water Department that the denial of water service to Plaintiff violated his rights." ***Id.*, ¶ 64.**

Plaintiffs, in extensive detail, describe their repeated efforts, from March 1, 2017 to early 2020, to return to City Hall to speak with various City Water Department officials to request their service be reconnected. ***Id.*, ¶¶ 20-38.** Plaintiffs allege that Defendants repeatedly informed them that the service would only be reconnected upon payment of the prior property owner's outstanding

---

[1] Plaintiffs provide the purported first names of two employees but state that they need discovery to ascertain the identity of these and other employees. **Doc. 12 at 6 fn. 6.**

bill. *Id.* After retaining counsel, Plaintiffs' water was eventually reinstated on March 18, 2020, but they continued to receive monthly bills in increasing amounts addressed to Miera thereafter. *Id.,* **¶ 54.**

Plaintiffs asserted the following claims against Defendant City of Espanola and as yet unidentified employees of Defendant:

Count I:     Procedural Due Process violation under the Fourteenth Amendment (§ 1983) against all Defendants.
Count II:    Substantive Due Process violation under the Fourteenth Amendment (§ 1983) against all Defendants.
Count III:   Equal Protection violation under the Fourteenth Amendment (§ 1983) against all Defendants.
Count IV:    Claims under the New Mexico Tort Claims Act against Defendant City of Espanola

Plaintiffs seek damages against Defendants. Defendant City of Espanola moves to dismiss these claims on the basis that they are time barred.

## DISCUSSION

### I.     <u>Legal Standard.</u>

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### II.    <u>Plaintiffs' Federal and State Claims are Barred by the Statute of Limitations</u>

Defendant City of Espanola asserts that the 42 U.S.C. § 1983 and NMTCA claims should be dismissed because they are barred by the statute of limitations.  The Court agrees.

**A.**   **Statute of Limitations for Federal Claims**

Generally, affirmative defenses such as the statute of limitations are fact-based and should not be a basis for dismissal under Fed. R. Civ. P. 12(b)(6).  However, "if the allegations, taken as true, show the requested relief is barred by the statute of limitations, dismissal for failure to state a claim is proper. The statute of limitations defense, however, must be patently clear from the face of the complaint or rooted in adequately developed facts." *Graham v. Taylor*, 640 F. App'x 766, 768–69 (10th Cir. 2016) (internal citations and quotation marks omitted).  Where the statute of limitations violation is clear on the face of the complaint, Plaintiffs bear the burden of establishing a factual basis for tolling or estoppel. *Chrisco v. Holubek*, 711 F. App'x 885, 888 (10th Cir. 2017), *citing Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.") (citations omitted); *see also City of Carlsbad v. Grace,* 1998-NMCA-144, ¶ 8, 126 N.M. 95, 98, 966 P.2d 1178, 1181 ("[T]he party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position.").

As to these federal claims, Courts apply the statute of limitations and tolling law of the relevant state.  *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985).  If "state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 250 (1989).  In New Mexico, the limitations period for § 1983 is three years. *Varnell v. Dora Consol.*

*Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014).  Moreover, only generally applicable tolling statutes apply, such as those based on minority, incapacity, and equitable grounds.  *Id.*

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007) (emphasis in original). "[T]he standard rule" is that "[accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (internal quotation marks and citations omitted). "In particular, a civil rights action accrues when facts that would support a cause of action are or should be apparent." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (brackets and internal quotation marks omitted) (citing *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir.1995)).  A plaintiff need not know the full extent of the harm in order for the statute of limitations to begin to run. *Torres v. Shea*, 2020 WL 1676920, at *2 (D.N.M. Apr. 6, 2020) (citing *Varnell*, 756 F.3d at 1216 ) ("The cause of action accrues even though the full extent of the injury is not then known or predictable."). "Were it otherwise the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391.

Plaintiffs' Response appears to contest the date the action accrued, stating, "The gravamen of the Complaint is that from July 1, 2017 through February 2020, Plaintiffs requested municipal water service and each time Defendant acted to unlawfully deny them water service." **Doc. 12 at 1, 11-12.** The Court rejects this date. As explained above, even viewing the facts in the light most favorable to Plaintiffs, the latest possible date of accrual would be March 1, 2017, when Plaintiffs

allege they provided notice to Defendant that their rights were being violated.[2] **Doc. 1 at ¶ 64.**
Thus, it appears on the face of the Complaint that the three-year statute of limitations has run prior
to Plaintiffs filing of the Complaint on June 4, 2020.

      **B.**        **The New Mexico Tort Claims Act**

      Defendant also seeks to dismiss the NMTCA claims under Count IV, arguing that such
claims are time barred under the applicable statute of limitations.

**New Mexico Tort Claims Act Statute of Limitations**

      Generally, state law tort claim against a New Mexico governmental entity must be brought
pursuant to the NMTCA.  The NMTCA preserves sovereign immunity against tort claims for state
governmental entities and public employees acting in the scope of their duties, except as
specifically waived. *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1250 (10th
Cir. 2006); *College Savings Bank v. Fl. Prepaid Postsecondary Education Expense Bd.*, U.S. 527,
666, 675 (1999) (a state's sovereign immunity precludes suits against a state or its employees
except as specified where immunity has been waived).

      The NMTCA has its own statute of limitations of two years and does not appear to
incorporate other tolling statutes.  NMSA. § 41-4-15(A); *Sam v. Sam*, 2006-NMSC-022, ¶ 23, 139
N.M. 474, 480, 134 P.3d 761, 767.  ("[The NMTCA] expresses a clear public policy that tort claims
against negligent New Mexico governmental entities should be allowed, but only if brought within
two years of the date of the alleged tort."); *Spurlock v. Townes*, No. 9-CV-786 WJ/DJS, 2010 WL
11470590, at *1 (D.N.M. June 23, 2010). The parties appear to agree that this statute of limitations

---

2 The Court notes that Plaintiffs allegedly discovered that their service was disconnected as early as February 13,
2017. **Doc. 1, ¶ 16.** The Court applied the later date of March 1, 2017 date by viewing the facts in the light most
favorable to Plaintiffs.

applies.  Therefore, the statute of limitations violation is clear on the face of the Complaint absent a tolling or extension exception to the statute.

### III.      The Continuing Violation Doctrine is Inapplicable

Plaintiffs largely argue that their claims should not be dismissed as untimely because the statute of limitations has been tolled based on the "continuing violation doctrine."[3] **Doc. 12 at 13.** The thrust of Plaintiffs' argument is that each time they returned to City Hall to seek reconnection of service, and each time Defendants refused to do so constituted distinct, separate violations. *Id.* **at 13-18.** The Court disagrees.

#### The Continuing Violation Doctrine Does Not Apply to § 1983 Claims

As an initial matter, the Court notes that the Tenth Circuit has declined to decide whether the continuing violation doctrine is applicable to § 1983 actions. *See, e.g.*, *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018); *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017); *Mata v. Anderson*, 685 F. Supp. 2d 1223, 1248 (D.N.M. 2010), aff'd, *Mata v. Anderson*, 635 F.3d 1250 (10th Cir. 2011). The Tenth Circuit has held in an unpublished decision that it is not. *Mercer-Smith v. New Mexico Children, Youth & Families Dep't*, 416 F. App'x 704, 712 (10th Cir. 2011) (The [Plaintiffs'] argument clearly fails because the doctrine of continuing violations does not apply to § 1983 claims. *Hunt v. Bennett,* 17 F.3d 1263, 1265 (10th Cir.1994) (holding that the doctrine of continuing violations does not "extend[ ] ... to a § 1983 claim")." Likewise, this District has previously found the doctrine inapplicable. *Doe v. Albuquerque Pub. Sch.*, 2018 WL 4080684, at *5 (D.N.M. Aug. 27, 2018).  The Court finds these cases persuasive. Plaintiffs have not pointed to any binding precedent that would lead the Court to an alternative decision. Accordingly, with

---

3 Case law appears to also refer to the doctrine as the "continuing harm doctrine."

respect to their § 1983 claims, Plaintiffs continuing violation argument fails as a matter of course. Even if the Court were to consider the doctrine in this context, for the reasons set forth below it is not persuaded that it would save Plaintiffs' claims.

**The Law Regarding the Continuing Violation Doctrine**

Under the continuing violation doctrine, "where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) (quoting 54 C.J.S. Limitation of Actions § 177 (1987) (applying New Mexico law); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 27 F. Supp. 3d 1188, 1214 (D.N.M. 2014); *Maestas v. Zager*, 2007-NMSC-003, ¶ 22, 141 N.M. 154, 161, 152 P.3d 141, 148 ("A plaintiff's cause of action accrues when he or she understands the nature of his or her injury; that is, when the plaintiff knows or with reasonable diligence should have known of the injury and its cause."). "In other words, 'the statute of limitations does not begin to run until the wrong is over and done with." *Tiberi v. Cigna Corp.*, 89 F.3d at 1431 (quoting *Taylor v. Meirick,* 712 F.2d 1112, 1118 (7th Cir.1983)). The treatise cited by the Tenth Circuit explicates the doctrine further:

> The common-law continuing tort doctrine may be applied, for statute of limitations purposes, when no single incident in a chain of tortuous activity can fairly or realistically be identified as the cause of significant harm. A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury.

*Anderson Living Tr. v. WPX Energy Prod., LLC*, 27 F. Supp. 3d at 1214 (quoting 54 C.J.S. Limitations of Actions § 223 (2014)(footnotes omitted)).

Here, the Court agrees with Defendant that the alleged injury stems from, as detailed in

the Complaint, the time Plaintiffs' "discovered" the initial termination of their water service on February 13, 2017 and Defendants' subsequent refusal to reconnect it. **Doc. 1, ¶¶ 16-17.**  Contrary to Plaintiffs' arguments (**Doc. 12 at 19-20**), the Court concludes that Plaintiffs' ensuing requests and efforts over the following years to reconnect the water, obtain further information about the problem, and Defendants' alleged continued refusal to do so do not constitute new injuries but rather continued effects from the initial shut off. *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) (quoting *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation")).[4]

Both federal and New Mexico law have declined to apply the doctrine to such a scenario. *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017) ([The statute of limitations] "is triggered by continuing unlawful acts but not by continued damages from the initial violation."); *Torres v. Shea*, 2020 WL 1676920, at *3 (D.N.M. Apr. 6, 2020); *Tull v. City of Albuquerque*, 1995-NMCA-123, ¶ 11, 120 N.M. 829, 832, 907 P.2d 1010, 1013 (finding that although the wrong "has continuing consequences" the "continuing effects" from the initial injury do not extend a plaintiff's cause of action). The Court is unconvinced by Plaintiffs' efforts to distinguish the instant matter

---

4 Plaintiffs cite to *Bergman* in support of their argument that "… the Complaint makes clear, the injuries about which the plaintiff is complaining in this case are the consequence of a numerous and continuous series of events." **Doc. 12 at 13**. Having reviewed that case, the Court finds that it does not support Plaintiffs' position. *See Bergman v. United States*, 751 F.2d at 317 (rejecting the plaintiff's argument that each of his renewed requests to retroactively reclassify his prior job positions following an adverse determination constituted a new cause of action sufficient to avoid the statute of limitations.). Likewise, the Court rejects Plaintiffs' argument that *Parker v. Bourdon* (800 Fed. Appx. 654 (10th Cir. 2020)) is inapposite. **Doc. 12 at 16-17.**  In *Parker*, the Tenth Circuit found the plaintiff's claims barred by the statute of limitations and rejected the premise that every time the plaintiff was required to re-register as a sex offender "the defendants newly violated his rights." *Id.* at 657. Specifically, the Circuit Court held that the plaintiff failed to allege ongoing conduct within the limitations period, only ongoing harm. *Id*. Here, the Court has also concluded that Plaintiffs' allegations represent the continued effects of the initial alleged injury, and that repeated efforts to reconnect the service and the City's refusal to do not equate to continuing unlawful acts but rather "ongoing harm." *Id.*

from *Tull* (**Doc. 12 at 18**), and rejects their premise that each denial to reconnect service represents separate, unlawful acts (*Id.* at 13-15). The Court notes that Plaintiff relies mostly upon citation to non-binding jurisdictions and Tenth Circuit cases that do not favor their position.[5]

The Court is equally unpersuaded by Plaintiffs' property interest arguments that, "Residents [such as Plaintiffs] thus had a property interest in obtaining municipal water service. Under the law a person is not responsible for a utility bill incurred by a prior owner of his or her property… The allegations of the Complaint thus set forth facts demonstrating that Plaintiffs had a protected property interest in receiving municipal water service and that the acts Plaintiffs alleged were committed by Defendant were clearly unlawful." *Id.* **at 4-5, 12.** Plaintiffs cite to the Complaint in support (**Doc. 1 ¶¶ 9-11**), which merely states in conclusory fashion, without adequate citation to the law, that Plaintiffs had such an interest under state and local law. *See e.g.* Doc. 1, ¶ 9 ("Municipal water service is an essential life service for persons who have no well or other source of running water. Pursuant to state law and the Espanola City Utility Ordinance, water service may not be denied arbitrarily to any citizen but may be terminated only for just cause; i.e., if a resident is, in fact, delinquent in his or her account."). Plaintiffs have not cited to case law showing that this alleged continuing property interest constitutes a continuing harm. The Court further notes that Plaintiffs seek punitive damages and not injunctive relief.

---

5 In their Response, which devotes several pages to a restatement of the facts alleged in the Complaint, Plaintiffs advance conclusory conclusions of law absent the support of binding authority upon the Court. *See e.g.* **Doc. 12 at 12** ("The allegations of the Complaint thus set forth facts demonstrating that Plaintiffs had a protected property interest in receiving municipal water service and that the acts Plaintiffs alleged were committed by Defendant were clearly unlawful."). Plaintiffs' other arguments, such as, "Essentially, Defendant contends that it was free to unlawful [sic] deny Plaintiffs' requests that Defendant act to provide them with municipal water service not just for over three years but for ten or twenty years or more without any legal consequence because Plaintiffs did not file suit within three years after Defendant's terminated their service," are subjective interpretations of Defendant's position and are equally untenable. *Id.* **at 19.**

Finally, Plaintiffs have not set forth arguments related to equitable tolling of the statute of limitations. Therefore, although Defendant discusses why it believes the doctrine does not apply, the Court need not address it.

The Court concludes that Plaintiffs have not plausibly pled allegations sufficient to meet their burden to demonstrate that the statute of limitations should be tolled. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (quoting *City of Carlsbad v. Grace,* 1998-NMCA-144, ¶ 8, 126 N.M. 95, 98, 966 P.2d 1178, 1181).

**IT IS THEREFORE ORDERED** that Defendant City of Espanola's Motion to Dismiss Plaintiffs' claims **(Doc. 9)** is **GRANTED.**

A separate judgment will be issued by the Court.

_____
**KEA RIGGS**
**UNITED STATES DISTRICT JUDGE**