IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARREN HERRERA and PAULA GARCIA,**

    **Plaintiffs,**

v.                                                                    No. 1:20-cv-00538-KWR-SCY

**CITY OF ESPANOLA, a municipality,
DANIELLE BUSTOS, JANE ROES 1-3,
JOHN DOES 1-2, and XAVIER MARTINEZ
in their Individual Capacities,**

    **Defendants.**

**DEFENDANT CITY OF ESPANOLA, DEFENDANT DANIELLE BUSTOS, AND
DEFENDANT XAVIER MARTINEZ ANSWER TO PLAINTIFFS'
FIRST AMAENDED COMPLAINT**

COMES NOW Defendant City of Espanola, Defendant Danielle Bustos, and Defendant Xavier Martinez (*hereinafter* "City Defendants"), by and through their undersigned counsel of record Robles, Rael & Anaya, P.C. (Douglas E. Gardner, Esq. and Jessica L. Nixon, Esq.) and state the following for their Answer to Plaintiffs Darren Herrera and Paula Garcia (*hereinafter* "Plaintiffs") First Amended Complaint (*hereinafter* "Amended Complaint") [Doc.28].

**Answer to Introduction**

1. City Defendants deny the allegations in Paragraph 1 of the Amended Complaint and demand strict proof thereof.

2. City Defendants admit that Plaintiffs municipal water service was restored on March 18, 2020 as required by Public Health Orders issued by the State of New Mexico due to the global COVID-19 pandemic. City Defendants do not have sufficient information to admit

or deny whether Plaintiffs had an alternative source for water; therefore, deny the same and demand strict proof thereof. City Defendants deny the remaining allegations in Paragraph 2 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 2 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

3. City Defendants deny the allegations in Paragraph 3 of the Amended Complaint and demand strict proof thereof.

4. City Defendants deny the allegations in Paragraph 4 of the Amended Complaint and demand strict proof thereof.

5. City Defendants deny the allegations in Paragraph 5 of the Amended Complaint and demand strict proof thereof.

6. City Defendants state that the allegations contained in Paragraph 6 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, City Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint and demand strict proof thereof.

## Answer to Jurisdiction and Parties

6. [sic] City Defendants admit that personal and subject matter jurisdiction is proper in the United States District Court for the District of New Mexico allegations in Paragraph 6 [sic] of the Amended Complaint.

7. City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

8.  City Defendants deny the allegations in Paragraph 8 of the Amended Complaint and demand strict proof thereof.

9.  City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

10. City Defendants admit that Danielle Bustos acted under the color of state law at all times relevant to the Amended Complaint. City Defendants deny that Ms. Bustos was employed by the City of Espanola as a Utility Department Customer Services Supervisor at all times relevant to the Amended Complaint. City Defendants affirmatively state that any allegations contained in Paragraph 10 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

11. City Defendants admit that Xavier Martinez acted under the color of state law at times relevant to the Amended Complaint. City Defendants Deny that Mr. Martinez was employed by the City of Espanola as the City Manager at all times relevant to the Amended Complaint. City Defendants affirmatively state that any allegations contained in Paragraph 11 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

**Answer to City's Provision of Municipal Water Services**

12. City Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13. City Defendants state that the allegations contained in Paragraph 13 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, City Defendants deny the allegations contained in Paragraph 13 of the Amended

Complaint and demand strict proof thereof. To the extent a response is required, City Defendants deny this allegation.

14. City Defendants state that the allegations contained in Paragraph 14 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, City Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint and demand strict proof thereof.

15. City Defendants state that the allegations contained in Paragraph 15 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, City Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint and demand strict proof thereof.

### Answer to Defendant City's Denial of Water Service and Repeated Violations of Plaintiffs' Constitutional Rights

16. City Defendants admit that municipal water service was disconnected from the property located at 1106 N. Riverside Dr., Espanola, New Mexico on or about December 1, 2016. City Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 16 of the Amended Complaint; therefore, deny the same and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 16 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

17. City Defendants admit that Plaintiffs opened an account with the City of Espanola Water Department for municipal utility services to be provided to their address at 1106 N. Riverside Dr., Espanola, New Mexico on or about December 22, 2016. City Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in

Paragraph 17 of the Amended Complaint; therefore, deny the same and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 17 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

18. City Defendants admit that Plaintiffs submitted an application for municipal utility services to be provided to their address at 1106 N. Riverside Dr., Espanola, New Mexico on or about December 22, 2016. City Defendants admit that Plaintiffs submitted copies of their driver's licenses as required for the application. City Defendants admit that proof of purchase of the residence located at 1106 N. Riverside Dr., Espanola was requested for the application. City Defendants affirmatively state that any allegations contained in Paragraph 18 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

19. City Defendants admit that Plaintiffs submitted a deposit to receive municipal utility services on or about December 22, 2016, which was recorded by the City of Espanola. City Defendants admit that an account in Plaintiff Darren Herrera's name was opened to provide municipal utility services to 1106 N. Riverside Dr., Espanola, New Mexico. City Defendants admit that an account for municipal utility services at the same address was registered to the prior owner, Charlotte Miera. City Defendants admit that records indicated that a past due balance was owed on the account registered to Ms. Miera for municipal utility services provided to 1106 N. Riverside Dr., Espanola New Mexico. City Defendants affirmatively state that any allegations contained in Paragraph 19 of the Amended

Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

20. City Defendants admit that Plaintiffs discovered that their municipal water service had been terminated on or about February 13, 2017. City Defendants deny the remaining allegations contained in Paragraph 20 of the Amended Complaint and demand strict proof thereof.

21. City Defendants deny the allegations in Paragraph 21 of the Amended Complaint and demand strict proof thereof.

22. City Defendants admit that Plaintiff Herrera executed a "Termination Order" on or about February 13, 2017 and informed that the amount due on his account would be paid from the deposit with the rest to be refunded at the address indicated on the executed Termination Order. City Defendants affirmatively state that the amount remaining from the deposit was dispersed to Mr. Herrera at the address he provided on the Termination Order. City Defendants affirmatively state that any allegations contained in Paragraph 22 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

23. City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

**Answer to Defendant City of Espanola's Repeated Denial of Municipal Water service to Plaintiffs from 2017 Through March 2020**

24. City Defendants deny the allegations in Paragraph 24 of the Amended Complaint and demand strict proof thereof.

25. City Defendants deny the allegations in Paragraph 25 of the Amended Complaint and demand strict proof thereof.

26. City Defendants deny the allegations in Paragraph 26 of the Amended Complaint and demand strict proof thereof.

27. City Defendants deny the allegations in Paragraph 27 of the Amended Complaint and demand strict proof thereof.

28. City Defendants deny the allegations in Paragraph 28 of the Amended Complaint and demand strict proof thereof.

29. City Defendants deny the allegations in Paragraph 29 of the Amended Complaint and demand strict proof thereof.

30. City Defendants deny the allegations in Paragraph 30 of the Amended Complaint and demand strict proof thereof.

31. City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 31 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

32. City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 32 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

33. City Defendants deny allegations in Paragraph 33 of the Amended Complaint and demand strict proof thereof.

34. City Defendants admit that a bill addressed to Ms. Meira for the amount owed by Ms. Miera or her heirs continued to be issued for the amount owed for municipal water services

provided at her last known address, 1106 N. Riverside Dr., Espanola, New Mexico. City Defendants deny the remaining allegations in Paragraph 34 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 34 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

35. City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 35 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

36. City Defendants deny the allegations in Paragraph 36 of the Amended Complaint and demand strict proof thereof.

37. City Defendants deny the allegations in Paragraph 37 of the Amended Complaint and demand strict proof thereof.

38. City Defendants deny the allegations in Paragraph 38 of the Amended Complaint and demand strict proof thereof.

39. City Defendants deny the allegations in Paragraph 39 of the Amended Complaint and demand strict proof thereof.

40. City Defendants deny the allegations in Paragraph 40 of the Amended Complaint and demand strict proof thereof.

41. City Defendants deny the allegations in Paragraph 41 of the Amended Complaint and demand strict proof thereof.

42. City Defendants deny the allegations in Paragraph 42 of the Amended Complaint and demand strict proof thereof.

43. City Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 43 of the Amended Complaint; therefore, deny the same and demand strict proof thereof.

### Answer to Defendants' Refusal to Provide Water Service After the Spread of Corona Virus

44. City Defendants admit that, on or about February 12, 2020, counsel for Plaintiffs emailed a letter to demand that Plaintiffs be provide municipal water service immediately. City Defendants deny the remaining allegations in Paragraph 44 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 44 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

45. City Defendants admit that on March 11, 2020, the Governor of the State of New Mexico issued Executive Order 2020-004, thereby proclaiming that a public health emergency existed in the State of New Mexico as a result of COVID-19. City Defendants deny the remaining allegations of Paragraph 45 of the Amended Complaint and demand strict proof thereof.

46. City Defendants admit that, on or about March 18, 2020 at 10:46 a.m., counsel for Plaintiffs again emailed a letter to demand that Plaintiffs be provided municipal water service immediately. City Defendants state that the emailed letter speaks for itself. City Defendants affirmatively state that any allegations contained in Paragraph 46 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

47. City Defendants admit that, on or about March 18, 2020 at 3:43 p.m., counsel for Plaintiffs again emailed a letter to demand that Plaintiffs be provided municipal water service immediately. City Defendants state that the emailed letter speaks for itself. City Defendants affirmatively state that any allegations contained in Paragraph 47 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

48. City Defendants admit that counsel for Plaintiffs was notified that Plaintiffs would receive municipal water service and such service was initiated on March 18, 2020 at approximately 7:00 p.m. City Defendants affirmatively state that any allegations contained in Paragraph 48 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

49. City Defendants deny the allegations in Paragraph 49 of the Amended Complaint and demand strict proof thereof.

50. City Defendants deny the allegations in Paragraph 50 of the Amended Complaint and demand strict proof thereof.

51. City Defendants deny the allegations in Paragraph 51 of the Amended Complaint and demand strict proof thereof.

**Answer to Defendant City's Response to Plaintiffs' Request to Inspect Public Records**

52. City Defendants deny the allegations in Paragraph 52 of the Amended Complaint and demand strict proof thereof.

53. City Defendants deny the allegations in Paragraph 53 of the Amended Complaint and demand strict proof thereof.

54. The City of Espanola admits that it responded to Plaintiffs' IPRA request on February 28, 2020 to request additional time to respond to the request for public records. City Defendants admit that Plaintiffs did not have an active account for municipal water service on February 28, 2020. City Defendants deny the remaining allegations in Paragraph 54 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 54 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

55. The City of Espanola admits that it requested until March 14, 2020 and then until March 30, 2020 to respond to Plaintiffs' request for public records. City Defendants deny the remaining allegations in Paragraph 55 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 55 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

56. The City of Espanola admits that it provided complete public records responsive to Plaintiffs' IPRA request on or about March 18, 2020 which was before the anticipated production date of March 30, 2020. City Defendants deny the remain allegations contained in Paragraph 56 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 56 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

57. City Defendants deny the allegations in Paragraph 57 of the Amended Complaint and demand strict proof thereof.

**Answer to the Violation of Plaintiffs' Constitutional Rights During August 2021 by Defendants City, Bustos, and Martinez**

58. City Defendants deny the allegations in Paragraph 58 of the Amended Complaint and demand strict proof thereof.

59. City Defendants deny the allegations in Paragraph 59 of the Amended Complaint and demand strict proof thereof.

60. The City of Espanola admits that counsel for the Plaintiffs emailed another letter regarding the water provided to Plaintiffs on or about April 21, 2020. City Defendants state that the emailed letter speaks for itself. City Defendants deny the remaining allegations in Paragraph 60 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 60 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

61. City Defendants deny the allegations in Paragraph 61 of the Amended Complaint and demand strict proof thereof.

62. City Defendants deny the allegations in Paragraph 62 of the Amended Complaint and demand strict proof thereof.

63. City Defendants deny the allegations in Paragraph 63 of the Amended Complaint and demand strict proof thereof.

64. City Defendants deny the allegations in Paragraph 64 of the Amended Complaint and demand strict proof thereof.

65. City Defendants admit that Plaintiffs' account for municipal utility services was credited approximately $996.00 for water usage which occurred as the result of a leak that was

       repaired by the landowner where the residence is located. City Defendants deny the remaining allegations in Paragraph 65 of the Amended Complaint and demand strict proof thereof. City Defendants affirmatively state that any allegations contained in Paragraph 65 of the Amended Complaint which are not specifically admitted herein are denied and strict proof thereof is demanded.

66.    City Defendants deny the allegations in Paragraph 66 of the Amended Complaint and demand strict proof thereof.

67.    City Defendants deny the allegations in Paragraph 67 of the Amended Complaint and demand strict proof thereof.

68.    City Defendants deny the allegations in Paragraph 68 of the Amended Complaint and demand strict proof thereof.

69.    City Defendants deny the allegations in Paragraph 69 of the Amended Complaint and demand strict proof thereof.

70.    City Defendants deny the allegations in Paragraph 70 of the Amended Complaint and demand strict proof thereof.

71.    City Defendants deny the allegations in Paragraph 71 of the Amended Complaint and demand strict proof thereof.

72.    City Defendants deny the allegations in Paragraph 72 of the Amended Complaint and demand strict proof thereof.

73.    City Defendants deny the allegations in Paragraph 73 of the Amended Complaint and demand strict proof thereof.

74. City Defendants deny the allegations in Paragraph 74 of the Amended Complaint and demand strict proof thereof.

**Answer to Damages**

75. City Defendants deny the allegations in Paragraph 75 of the Amended Complaint and demand strict proof thereof.

76. City Defendants deny the allegations in Paragraph 76 of the Amended Complaint and demand strict proof thereof.

77. City Defendants deny the allegations in Paragraph 77 of the Amended Complaint and demand strict proof thereof.

78. City Defendants deny the allegations in Paragraph 78 of the Amended Complaint and demand strict proof thereof.

**Answers to Causes of Action**

**I. Answer to Multiple Violations of Plaintiffs' Rights to Procedural Due Process Pursuant to 42 U.S.C. § 1983 Against Defendants City, Bustos, Martinez, Jane Roes 1-3 and Jane Does 1-2**

79. City Defendants state that the allegations in Paragraph 79 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, City Defendants deny the allegations in Paragraph 79 of the Amended Complaint and demand strict proof thereof.

80. City Defendants deny the allegations in Paragraph 80 of the Amended Complaint and demand strict proof thereof.

81. City Defendants deny the allegations in Paragraph 81 of the Amended Complaint and demand strict proof thereof.

82. City Defendants deny the allegations in Paragraph 82 of the Amended Complaint and demand strict proof thereof.

## II. Answer to Multiple Violations of Plaintiffs' Right to Substantive Due Process Pursuant to 42 U.S.C. § 1983 Against Defendants City, Bustos, Martinez, Jane Roes 1-3 and Jane Does 1-2

83. City Defendants deny the allegations in Paragraph 83 of the Amended Complaint and demand strict proof thereof.

## III. Answer to Multiple Violations of Plaintiffs' Rights to Equal Protection Pursuant to 42 U.S.C. § 1983 Against Defendants City, Bustos, Martinez, Jane Roes 1-3 and Jane Does 1-2

84. City Defendants deny the allegations in Paragraph 84 of the Amended Complaint and demand strict proof thereof.

## IV. Answer to Violations of the New Mexico Inspection of Public Records Act Defendant City of Espanola

85. City Defendants deny the allegations in Paragraph 85 of the Amended Complaint and demand strict proof thereof.

86. City Defendants deny the allegations in Paragraph 86 of the Amended Complaint and demand strict proof thereof.

87. In response to Plaintiffs' "WHEREFORE" Paragraph of the Amended Complaint, City Defendants deny that Plaintiffs are entitled to the relief sought, including subparts A through E and any other relief Plaintiffs may seek in this matter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

None of the actions described in Plaintiffs' Amended Complaint constitute a violation of Plaintiffs' state, federal, constitutional, or statutory rights by City Defendants.

### Second Affirmative Defense

Plaintiffs' Amended Complaint seeks to impose duties on City Defendants that are not required by law.

### Third Affirmative Defense

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiffs' injuries, if any, were proximately caused by an independent intervening, supervening, and/or superseding cause for which City Defendants cannot be held liable.

### Fifth Affirmative Defense

The proximate cause of damages to Plaintiffs, if any, was their own intentional and/or negligent acts and/or omissions which City Defendants cannot be held liable.

### Sixth Affirmative Defense

Plaintiffs are comparatively at fault for their alleged damages, if any, such that any award of damages to Plaintiffs must be reduced proportionately.

### Sixth Affirmative Defense

If Plaintiffs incurred any damages, which is expressly denied, Plaintiffs failed to mitigate their damages, thereby barring, or reducing any recovery.

### Seventh Affirmative Defense

The proximate cause of damages to Plaintiffs, if any, was the intentional and/or negligent acts and/or omissions of other parties for which City Defendants cannot be held liable.

**Eighth Affirmative Defense**

Plaintiffs have failed to state a claim upon which relief can be granted for punitive damages.

**Nineth Affirmative Defense**

City Defendants reserve the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this Answer.

## JURY DEMAND

City Defendants demand a trial by twelve (12) person jury for all claims which may be tried by a jury.

**WHEREFORE**, City Defendants respectfully request that this Court dismiss Plaintiffs' First Amended Complaint and for all other relief this Court deems just and proper.


Respectfully Submitted,

ROBLES, RAEL & ANAYA, P.C.

By:     */s/ Jessica L. Nixon*
        Douglas E. Gardner, Esq.
        Jessica L. Nixon, Esq.
        500 Marquette Ave., NW, Suite 700
        Albuquerque, New Mexico 87102
        (505) 242-2228
        (505) 242-1106 (facsimile)
        doug@roblesrael.com
        jnixon@roblesrael.com
        *Attorneys for City Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 23, 2022, I filed the foregoing instrument electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing*.

Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
505-988-5324
Richard.rosenstock@gmail.com

Jamison Barkley
The Law Office of Jamison Barkley, LLC
316 Garfield Street
Santa Fe, New Mexico 87501
505-995-9602
Jamison@jamisonbarkley.com
*Attorneys for Plaintiff*


*/s/ Jessica L. Nixon*
Jessica L. Nixon